(35 App. Div. 270.)

GRAY v. SAMPERS et al.

(Supreme Court, Appellate Division, Second Department.    December 6, 1898.)

1. LIBEL—EVIDENCE.
    A defense that alleged libelous matter was a report of a judicial proceeding, and therefore privileged, under Code Civ. Proc. § 1907, providing that an action cannot be maintained against a newspaper for the publication of a fair and true report of a judicial proceeding, without proof of actual malice, is not sustained by mere testimony that a summons was issued, where no copy thereof appears in the record, nor any affidavit or complaint in which it was issued, and there was no evidence of what occurred at such proceeding.

2. SAME—DAMAGES—MALICE.
    Where the falsity of an alleged libelous article is established, the jury may award punitive damages, although there was shown to be no actual malice.

Appeal from trial term.

Action by Mary Jennings Gray against Henry P. Sampers and another.    Judgment for plaintiff, and defendants appeal.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph Kling, for appellants.
William McM. Speer, for respondent.

GOODRICH, P. J.    We have already held at the present term, in the case of Gray v. The Brooklyn Union Publishing Company, that an article, substantially similar to the one for the publication of which this action is brought against the owners of the Courier des Etats Unis, was libelous per se.    The verdict of the jury in the case at bar has established the fact that the article was written of and concerning the plaintiff.    The jury rendered a verdict for $600, and from the judgment entered thereon, and from the order denying a motion for a new trial, the defendants appeal.

The counsel for the appellants contends that the article in question shows on its face that it was the report of a judicial proceeding before one of the magistrates of the city of New York, and therefore within the provisions of section 1907 of the Code of Civil Procedure, which reads:

"An action, civil or criminal, cannot be maintained against a reporter, editor, publisher, or proprietor of a newspaper, for the publication therein of a fair and true report of any judicial, legislative, or other public and official proceedings, without proving actual malice in making the report."

There was an allegation in the answer that a summons had been issued by the magistrate's court above mentioned, and that the article in question was "an account of said judicial proceedings in the said

court, which account was a true and correct report of said proceedings." The only evidence to sustain this allegation is that of Benjamin F. Greenthal, who testified that he was an attorney and counselor at law, having an office at 49 and 51 Chambers street and at 315 West Fifty-Fourth street, and that at about the time named in the article a summons was issued "from the city magistrate's court, Fourth district, city and county of New York, Fifty-Seventh street, near Third avenue, entitled 'The People of the State of New York to John Robinson,' signed by Magistrate Crane." No copy of the summons appears in the record, although it was admitted in evidence, nor any affidavit or written complaint upon which it was issued. There was no appearance of John Robinson, the defendant named in the summons, upon the day of its return, nor any examination of witnesses in respect to the charge. The court instructed the jury that one of the defenses was that the article was "a fair report of some judicial proceeding before a magistrate in the Yorkville court, at Fifty-Seventh street, borough of Manhattan. Nobody has testified here in this court before us what occurred there. There has been no evidence by anybody who was present and heard anything that occurred before that court. The only inference that anything occurred there is from the fact that the summons was issued." There was an utter failure of evidence to sustain the defense under section 1907, and the instruction of the court was proper.

The counsel for the appellants also contends that the court erred in charging the jury "that where a party maliciously libels another the jury have a right, in their discretion,—sound discretion it means,—to punish the party by the infliction of punitive damages." This was not error, as the plaintiff gave evidence tending to show the falsity of the article; and it is well settled that the plaintiff in an action of libel gives evidence of malice when he proves the falsity of the libel, and it then becomes a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages, and the question is not to be taken away from the jury because the defendant gives evidence which tends to show that there was in fact no actual malice. Samuels v. Association, 75 N. Y. 604, affirming judgment on verdict, on dissenting opinion of Davis, P. J., in the general term, 9 Hun, 288; also, McFadden v. Association, 28 App. Div. 508, 51 N. Y. Supp. 275.

The judgment must be affirmed.

Judgment and order affirmed, with costs. All concur.